MARIO ALCANTAR, a Minor, by his Mother, Kathy Alcantar, *et al.*, Plaintiffs, v. PEOPLES GAS LIGHT AND COKE COMPANY, Defendant-Appellee and Cross-Appellant (Mamie Carpenter *et al.*, Defendants; Benjamin and Shapiro, Respondent-Appellant and Cross-Appellee).

First District (2nd Division)   No. 1—95—3536

Opinion filed May 6, 1997.

David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Margarita T. Kulys, of counsel), for appellant.

Ross & Hardies, of Chicago (Elizabeth West Speidel and Darren J. Hunter, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Respondent, the law firm of Benjamin & Shapiro, appeals from the trial court order denying its motion for substitution of judge and from the order imposing sanctions against Benjamin & Shapiro in the amount of $13,028.71, for filing a frivolous complaint against defendant Peoples Gas Light & Coke Company (Peoples Gas). Peoples Gas cross-appeals from the trial court's sanction order, claiming that the court should have awarded attorney fees and costs in the entire amount requested by Peoples Gas, $21,690.66. Peoples Gas also seeks attorney fees and costs on the basis that this appeal is frivolous. We affirm the trial court order denying Benjamin & Shapiro's motion for substitution of judge, and we also affirm the trial court order awarding $13,028.71 in sanctions to Peoples Gas. We deny Peoples Gas' motion for sanctions on appeal.

Plaintiffs Mario Alcantar, Lance Jones, Michael Jones and John Jones first filed suit against defendants Mamie and Otis Carpenter on August 22, 1990, alleging that they suffered personal injuries in a gas explosion at the Carpenters' home on February 27, 1990. In response to a subpoena issued to Peoples Gas on August 24, 1990, Peoples Gas produced records showing that the Carpenters called Peoples Gas on January 18, 1990, requesting a shut off of gas services at the premises. The shut off was scheduled for January 23, 1990. Peoples Gas went to the premises on that date but could not gain access to the gas meter, because the customer was not present. The customer subsequently rescheduled the shut off to April 11, 1990, but Peoples Gas was unable to complete the shut off on that date because the B-Box (underground valve) could not be located. The distribution department of Peoples Gas was sent to the premises on April 25, 1990, to locate the B-Box, and the shut off was completed on that date. There was no record of a gas explosion on the premises.

The depositions of all four plaintiffs were taken on October 12, 1992. Plaintiffs testified that they entered the Carpenters' vacant home and set a fire to help them see where they were going. Plaintiff Michael Jones filled a plastic bowl with papers, ignited a piece of paper using the furnace and placed the burning piece of paper in the bowl. When Jones got to the second floor of the house, he dropped the bowl, causing the fire to spread. According to a fire department report, when questioned immediately after the fire, Jones claimed that he had used matches to light the fire.

Mamie Carpenter testified at her deposition taken on May 13,

1993, that she telephoned Peoples Gas in January of 1990 to cancel gas service at the premises but was advised to keep the gas service throughout the winter so that pipes in the premises would not freeze.

On September 27, 1993, plaintiffs amended their complaint against the Carpenters, naming Peoples Gas as an additional defendant. Plaintiffs alleged that Peoples Gas was negligent in failing to terminate gas service to the vacant building although it had been requested to do so, failing to notify the Carpenters that the gas had not been shut off and failing to post warnings that the building was dangerous.

The Carpenters and Peoples Gas each moved for summary judgment. Peoples Gas alleged in its motion for summary judgment filed on September 19, 1994, that it owed no duty to plaintiffs since plaintiffs had set the fire themselves and that there was no defect in the gas service. On September 21, 1994, Peoples Gas filed a motion for costs and attorney fees against plaintiffs and the law firm of Benjamin & Shapiro, alleging that plaintiffs' complaint was filed in bad faith because, at the time of the filing, they knew that the allegations in their complaint were untrue. Summary judgment was entered in favor of the Carpenters and Peoples Gas.

After entering summary judgment in Peoples Gas' favor, the court noted that it was "strongly inclined" to grant Peoples Gas' motion for costs and attorney fees based on plaintiffs' bad-faith pleading, but it gave the parties additional time to file supplemental briefs on the issue of sanctions under Supreme Court Rule 137. 134 Ill. 2d R. 137. The trial court continued the matter to March 15, 1995, and the matter was later rescheduled for May 5, 1995, for a hearing as to whether to allow sanctions and, if so, the scope of such sanctions.

On March 31, 1995, Benjamin & Shapiro filed a motion for substitution of judge and a motion to clarify the nature of the hearing set for May 5, 1995. On September 13, 1995, the trial court entered an order denying these motions and another order awarding Peoples Gas attorney fees and costs in the amount of $13,028.70. The court specifically found the entire amount requested by Peoples Gas, $21,690.66, to be legitimate but exercised its discretion to reduce the award.

Benjamin & Shapiro claims on appeal that the trial court erred in denying its motion for substitution of judge. The trial court denied Benjamin & Shapiro's motion on the basis that the statute regarding substitution of judge as of right and for cause applies only to civil actions, and this was not a new civil action. The trial court also ruled that the motion for substitution was untimely since the trial court had already made a substantive ruling on the case.

■ Benjamin & Shapiro first claims that it was entitled to a substitution of judge as a matter of right. The substitution of judge as a matter of right is absolute where the motion requesting the substitution is filed before the judge presiding in the case has made a substantial ruling. Section 2—1001(2) of the Code of Civil Procedure, provides:

"(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2—1001(2) (West 1994).

A petition for substitution of judge as a matter of right must be brought at the earliest practical moment in order to prohibit a litigant from "judge shopping" after learning that the judge may be unfavorably disposed toward his or her cause. *Paschen Contractors, Inc. v. Illinois State Toll Highway Authority*, 225 Ill. App. 3d 930, 590 N.E.2d 539 (1992).

Benjamin & Shapiro relies on *Nunes v. Northwest Hospital*, 253 Ill. App. 3d 337, 41 N.E.2d 376 (1993), in support of its claim that its motion to substitute as of right was timely filed. In *Nunes*, at the conclusion of the underlying malpractice case, Thomas Boyd, an attorney who was neither a party of record nor the attorney of record in the underlying case, filed a request for attorney fees pursuant to the attorney lien act. Boyd filed a request for substitution of judge immediately upon entry into the case. The court found that Boyd's request was timely filed, since it was in relation to a matter different from the underlying litigation and was filed prior to any hearing or ruling on the supplemental matter of attorney fees.

■ In the instant case, the law firm of Benjamin & Shapiro was the attorney of record in the underlying case. Furthermore, briefs had been filed and the court had expressed the fact that it was "strongly inclined" to award sanctions prior to Benjamin & Shapiro's request for substitution of judge, thus suggesting that Benjamin & Shapiro filed its request in order to avoid an adverse ruling. Moreover, while in *Nunes* the request for fees under the attorney lien act involved issues separate and distinct from those presented in the underlying case, here Peoples Gas' request for sanctions directly

concerned the issues raised in the underlying case, whether Benjamin & Shapiro had any basis for alleging that a gas explosion caused plaintiffs' injuries. Supreme Court Rule 137 specifically provides that sanction proceedings brought under this rule do not give rise to a separate suit but are considered part of the original suit. 134 Ill. 2d R. 137. The fee issue here was a continuation of the underlying case, and Benjamin & Shapiro's request for substitution of judge as a matter of right was untimely filed.

■ Benjamin & Shapiro next claims that it was entitled to substitution of judge for cause since the trial judge predetermined the outcome of the case when he stated that he was strongly inclined to grant the motion for sanctions, before briefing had been completed or a complete hearing was held. Benjamin & Shapiro also claims that the trial judge erred in ruling on the motion for substitution for cause, rather than transferring the motion to another judge. Section 2—1001(a)(3) of the Code of Civil Procedure provides:

"(3) Substitution for cause. When cause exists.

(i) Each party shall be entitled to a substitution or substitutions of judge for cause.

(ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.

(iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition." 735 ILCS 5/2—1001(a)(3) (West 1994).

In order to be entitled to a hearing before another judge on whether a substitution for cause is warranted, the motion must allege grounds that, if taken as true, would justify granting a substitution for cause. In *People v. Damnitz*, 269 Ill. App. 3d 51, 645 N.E.2d 465 (1994), the defendant claimed that the trial court violated procedures mandated by statute when it refused to transfer to another judge defendant's motion for substitution of judge for cause. The court disagreed, finding that a transfer to another judge was not necessary since defendant failed to establish even a threshold basis for his substitution motion. The court noted that the alleged bias of a trial judge "must be shown to have stemmed from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Damnitz*, 269 Ill. App. 3d at 57. See *Liteky v. United States*, 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994) (judicial rulings alone almost never constitute valid basis for a bias or partiality motion).

■ The threshold showing of prejudice warranting transfer to another judge was not met in the instant case. Benjamin & Shapiro alleged that the trial judge's prejudice was evident from his comment that he was strongly inclined to grant Peoples Gas' motion for sanctions. The trial court made this remark after granting summary judgment in Peoples Gas' favor on the basis that the evidence clearly showed that there was no gas explosion. The trial judge's remark regarding sanctions was based on the evidence in the case and does not meet a threshold showing of prejudice against Benjamin & Shapiro. See *Hartnett v. Stack*, 241 Ill. App. 3d 157, 171, 607 N.E.2d 703 (1993) (the trial judge's remark that "there will be a sanctions hearing against the Defendant in my opinion" does not show that the trial judge was prejudiced against defendant). The trial court therefore properly denied Benjamin & Shapiro's motion for substitution without transferring the matter for a hearing before a different judge.

■ Benjamin & Shapiro next claims that the trial court erred in denying its motion for clarification and in granting Peoples Gas' motion for attorney fees. Benjamin & Shapiro claims that the trial court should have first specifically stated the basis for granting sanctions and then given Benjamin & Shapiro an opportunity to contest the reasonableness of the requested fees in an evidentiary hearing.

Our review of the record reveals that the trial court clearly expressed to Benjamin & Shapiro that it was awarding fees based on the fact that Benjamin & Shapiro knew prior to filing suit against Peoples Gas that there was no gas explosion and that plaintiffs' entire claim was baseless. Furthermore, the trial court gave Benjamin & Shapiro ample opportunity to brief and argue the issue of the reasonableness of the fees requested by Peoples Gas. While Benjamin & Shapiro now claims that it was denied the right to an evidentiary hearing in which it could contest the reasonableness of the fees, the fact remains that Benjamin & Shapiro never requested such a hearing. Attorney fees may be awarded without holding an evidentiary hearing when detailed billing sheets and information regarding the manner in which fees have been calculated have been submitted to the trial court. *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 672 N.E.2d 1136 (1996). In the instant case, Peoples Gas submitted detailed information permitting the trial court to determine what fees were reasonable.

■ In its cross-appeal, Peoples Gas claims that because the trial court found that all of the fees requested were legitimate, the court should have awarded to Peoples Gas the entire $21,690.66 it had requested. The amount of attorney fees assessed lies within the sound

discretion of the trial court and should not be disturbed absent a clear abuse of discretion. *Fried v. Barad*, 187 Ill. App. 3d 1024, 543 N.E.2d 1018 (1989). We find no abuse of discretion here.

■ Peoples Gas has also filed a motion for sanctions against Benjamin & Shapiro under Supreme Court Rule 375 (134 Ill. 2d R. 375) for filing a frivolous appeal. We deny Peoples Gas' motion for sanctions on appeal, in light of the fact that there is little case law on the issue of what threshold must be met in order to warrant the transfer of a motion for substitution of a judge for cause to a judge other than the one named in the motion.

Accordingly, for the reasons set forth above, the trial court order denying Benjamin & Shapiro's motion for substitution of judge is affirmed, as is the trial court order awarding Peoples Gas $13,028.71 in fees and costs as a sanction against Benjamin & Shapiro for filing a frivolous complaint. We deny Peoples Gas' motion for sanctions on appeal.

Affirmed.

DiVITO, P.J., and RAKOWSKI, J., concur.