CATHY COLE WILLIAMS, Petitioner-Appellant, v. ESTATE OF SHIRLEY COLE, an Alleged Disabled Person, Respondent-Appellee.

First District (4th Division)    No. 1—08—0299

Opinion filed August 13, 2009.

772

NEVILLE, J., dissenting.

Holstein Law Offices, LLC, of Chicago (Robert A. Holstein, of counsel), for appellant.

Steinberg Burtker & Grossman, Ltd. (Richard J. Grossman, of counsel), and Law Offices of Richard D. Grossman (Richard D. Grossman, of counsel), both of Chicago, for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Petitioner, Cathy Cole Williams, appeals the orders of the circuit court: (1) denying her motions for substitution of judge; (2) granting respondent, estate of Shirley Cole's motion under section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2002)) to dismiss petitioner's petition for guardianship; and (3) *sua sponte* quashing petitioner's *subpoenas duces tecum* and denying petitioner's discovery requests. We affirm.

Petitioner is one of three daughters of Shirley Cole (hereinafter referred to as Ms. Cole). Ms. Cole is in her late eighties and is legally blind. Petitioner alleges that she received a letter dated June 27, 2006, from Ms. Cole's attorney, stating that Ms. Cole was going to sell certain real property that previously had been promised to petitioner. The letter further stated that Ms. Cole no longer wished to have any further contact or communication with the petitioner.

On July 24, 2007, petitioner filed a petition requesting that Ms. Cole be adjudicated disabled. Petitioner asked the court to appoint Harris, N.A., as plenary guardian of Ms. Cole's estate and to appoint petitioner as guardian of Ms. Cole's person.

Petitioner also filed a motion requesting an independent psychiatric examination of Ms. Cole. In support of her motion, petitioner attached the affidavit of Dr. Sanford Finkel. In his affidavit, Dr. Finkel stated that he was a board-certified geriatric psychiatrist and he had met with petitioner and had reviewed various pleadings, affidavits and exhibits. Dr. Finkel stated that it was his opinion Ms. Cole lacked the capacity to understand the significance of her actions and to make reasoned decisions based on her own independent knowledge and consent.

On August 1, 2007, respondent filed a section 2—619(a)(9) motion to dismiss the petition. On August 8, 2007, petitioner filed an amended petition for guardianship and medical evaluation of Ms. Cole. Respondent filed a motion to strike the affidavit and amended affidavit of Dr. Finkel, who had never personally examined Ms. Cole.

Respondent also filed the medical reports of Dr. Cathie Dunal, who has been Ms. Cole's physician since September 2000, and Dr. Karen B. Kreiner, a board-certified psychiatrist who last examined Ms. Cole on August 3, 2007. In their reports, both physicians found Ms. Cole exhibited no cognitive disabilities or mental conditions, was well-adjusted and capable of making her own personal and financial decisions, and recommended no change in her living arrangements.

On August 28, 2007, petitioner filed a petition to invalidate, revoke and terminate powers of attorney signed by Ms. Cole that name Lori Cole (petitioner's sister) as attorney-in-fact and to require Lori Cole to file a full accounting for all her transactions involving the assets of Ms. Cole. Richard J. Grossman filed an appearance on behalf of Lori Cole on September 18, 2007, and filed a motion to dismiss the petition to invalidate the power of attorney. On September 19, 2007, petitioner filed a motion to disqualify Richard J. Grossman from representing Ms. Cole and Lori Cole in these proceedings.

On September 24, 2007, the trial court quashed all subpoenas issued at petitioner's request, ruling that petitioner could not conduct discovery except upon specific application to and approval by the court. On October 1, 2007, Richard J. Grossman filed a motion to withdraw as attorney for Lori Cole with the substitution of Richard D. Grossman as Lori Cole's attorney. On December 7, 2007, the trial court denied petitioner's motion to disqualify Richard J. Grossman as Shirley Cole's attorney.

On December 28, 2007, petitioner filed her response to respondent's motion to dismiss the petition to adjudicate Ms. Cole disabled. Petitioner attached her own affidavit stating that due to "hostility or otherwise" certain supporting affidavits were not obtained, but if available, such affidavits would state testimony supporting the petition. On January 4, 2008, petitioner filed a petition for substitution of judge as of right, which the trial court denied. Petitioner then immediately presented a petition for substitution of judge for cause. After the petition was filed with the clerk of the circuit court, the trial court refused to transfer the matter to another judge and instead denied the petition.

On January 8, 2008, the trial court granted the section 2—619(a)(9) motion to dismiss the petition to adjudicate Ms. Cole disabled, granted the motion to strike Dr. Finkel's affidavit, and granted Lori Cole's motion to dismiss the petition seeking to invalidate her power of attorney. The trial court also denied petitioner's motion for an independent medical evaluation of Ms. Cole. Petitioner filed a timely notice of appeal.

First, petitioner contends the trial court erred in denying her petition for substitution of judge as of right, because no substantial rulings had yet been made in the case. Although a party is entitled to one substitution of judge without cause as a matter of right (735 ILCS 5/2—1001(a)(2)(i) (West 2002)), the petition must be "presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case" (735 ILCS 5/2—1001(a)(2)(ii) (West 2002)). A petition for substitution of judge must be brought at the earliest practical moment so as to prevent a litigant from seeking a change of judge only after she has formed an opinion that the judge may be unfavorably disposed toward her cause. *In re Marriage of Abma*, 308 Ill. App. 3d 605, 610 (1999). Whether the trial court had made a substantial ruling is a question of law subject to *de novo* standard of review. *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 338 (2001).

*Petersen* is instructive. The trial court in *Petersen* had ruled on several motions, including motions to quash subpoenas to take depositions of various individuals. *Petersen*, 319 Ill. App. 3d at 338-39. The *Petersen* court noted that in ruling on the motions, the trial court needed to determine the relevance of the potential evidence to be gathered by the depositions, as well as issues of privilege and admissibility. *Petersen*, 319 Ill. App. 3d at 339. The *Petersen* court held that the rulings "were not merely preliminary, administrative or preparatory for trial, but went to the admissibility and relevance of material information" and thus the petition for substitution of judge as of right was properly denied. *Petersen*, 319 Ill. App. 3d at 339.

In the present case, the trial court had quashed all subpoenas requested by petitioner and ruled petitioner could not conduct discovery except by specific application to and approval by the court. The trial court also denied petitioner's motion to disqualify Richard J. Grossman as Ms. Cole's attorney, basing its decision on the medical reports from Drs. Dunal and Kreiner that indicated Ms. Cole was capable of making all personal and financial decisions. In so ruling, the trial court specifically noted that the reports from Drs. Dunal and Kreiner satisfied the applicable statutory requirement. The trial court's rulings went to the relevance and admissibility of the evidence, and gave an indication to petitioner that it may not be favorably disposed to her petition to adjudicate Ms. Cole disabled. As such, the petition for substitution of judge without cause as a matter of right was properly denied.

Petitioner also contends the trial court erred by denying her petition for substitution of judge for cause pursuant to section 2—1001(a)(3) of the Code of Civil Procedure and by not transferring the petition for a hearing before a different judge.

Section 2—1001(a)(3) states:

"(i) Each party shall be entitled to a substitution or substitutions of judge for cause.

(ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.

(iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition." 735 ILCS 5/2—1001(a)(3) (West 2002).

The appellate court has long held that to entitle the petitioner to a hearing before another judge, the petition must satisfy a "threshold basis" by alleging grounds which, if taken as true, support a granting of substitution for cause. *Alcantar v. Peoples Gas Light & Coke Co.*, 288 Ill. App. 3d 644, 649-50 (1997). In the recent case *In re Estate of Wilson*, 389 Ill. App. 3d 771 (2009), a panel of the appellate court disagreed with *Alcantar* and held that no such threshold basis was required and such a motion should automatically be transferred for a hearing before another judge. Justice O'Malley dissented in *Wilson*, writing:

"The statute, read as a whole as it must be, has two distinct sections. I view subsections (ii) and (iii) as addressing first, the facial sufficiency of the petition and then the process by which the petition is decided on its merits, respectively. I agree that the judge against whom bias is alleged should not rule on the merits of the petition, but I see no reason why a judge cannot be trusted to rule upon the facial sufficiency of the submissions. Both subsections use the mandatory 'shall' language which leads me to believe that both sections must be followed and this court has no discretion to dispense with the requirements of subsection (ii). However, based on the majority's ruling, a hearing before a different judge is automatic without regard to whether the petitioner has done anything required in subsection (ii). This interpretation would ensure that a petitioner would get a hearing before a different judge even if alleging bias based on an irrational reason such as the judge's race or gender or just a bad feeling. It seems logical to me that minimal requirements are written into the statute to address patently frivolous claims and potential abuses of the provision as a delay tactic. I do not believe, and Illinois law does not support the interpretation, that the legislature intended transfer to another judge to be automatic or controlled by the whim of a creative or desperate litigant." *Wilson*, 389 Ill. App. 3d at 789-90 (O'Malley, J., dissenting).

We agree with Justice O'Malley and continue to adhere to the holding in *Alcantar* that the petition must satisfy a threshold basis by alleging grounds which, if taken as true, support a granting of substitution for cause.

■ In the present case, petitioner's petition contends the trial court's bias and prejudice were evident from a series of its decisions and rulings that were adverse to petitioner. An alleged bias of a judge must stem from an extrajudicial source, resulting in an opinion on the merits on some basis other than from what the judge learned from her participation in the case. *Alcantar*, 288 Ill. App. 3d at 649. By themselves, judicial rulings rarely constitute a valid basis for a motion for substitution due to bias or partiality. *Alcantar*, 288 Ill. App. 3d at 649. Since petitioner "failed to establish even a threshold basis" for her petition, the trial court here properly denied the petition without transfer of the hearing to another judge. See *Alcantar*, 288 Ill. App. 3d at 649.

Petitioner responds that judicial bias or prejudice need not come only from an extrajudicial source, but may be determined from the record, citing *Eychaner v. Gross*, 202 Ill. 2d 228 (2002), in which our supreme court quotes *Liteky v. United States*, 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). In *Liteky*, the United States Supreme Court acknowledged that judicial rulings alone "can only in the rarest circumstances evidence the degree of favoritism or antagonism required *** when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555, 127 L. Ed. 2d at 491, 114 S. Ct. at 1157. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555, 127 L. Ed. 2d at 491, 114 S. Ct. at 1157. Remarks that support such a challenge "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555, 127 L. Ed. 2d at 491, 114 S. Ct. at 1157. The Supreme Court gave, as an example, a district judge's remarks in a World War I espionage case against German-American defendants: " 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.' " *Liteky*, 510 U.S. at 555, 127 L. Ed. 2d at 491, 114 S. Ct. at 1157, quoting *Berger v. United States*, 255 U.S. 22, 28, 65 L. Ed. 481, 483, 41 S. Ct. 230, 231 (1921). In the present case, the trial court's rulings and remarks do not rise to the level of bias or partiality required by *Liteky*.

Next, petitioner contends the trial court erred in granting respondent's section 2—619(a)(9) motion to dismiss the petition to adjudicate Ms. Cole disabled. A trial court may grant a section

2—619(a)(9) motion to dismiss if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2002). The affirmative matter must be evident from the face of the complaint, or supported by affidavits or other evidentiary materials (*AIDA v. Time Warner Entertainment Co.*, 332 Ill. App. 3d 154, 158 (2002)) and the pleadings and affidavits are viewed in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). The trial court's grant of a section 2—619 motion to dismiss is reviewed *de novo. AIDA*, 332 Ill. App. 3d at 158.

■ The trial court may determine a person is disabled only "if it has been demonstrated by clear and convincing evidence that the person is a disabled person as defined in Section 11a—2." 755 ILCS 5/11a—3(a) (West 2004). A disabled person is one who is 18 years or older and:

"who (a) because of mental deterioration or physical incapacity is not fully able to manage his person or estate, or (b) is a person with mental illness or a person with a developmental disability and who because of his mental illness or developmental disability is not fully able to manage his person or estate, or (c) because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes his estate as to expose himself or his family to want or suffering, or (d) is diagnosed with fetal alcohol syndrome or fetal alcohol effects." 755 ILCS 5/11a—2 (West 2008).

■ In dismissing the petition, the trial court struck the affidavit of Dr. Finkel and found the reports of Dr. Dunal and Dr. Kreiner, both of whom had recently examined Ms. Cole, reliable. Dr. Dunal also had a long history with Ms. Cole as her personal physician. Both physicians found Ms. Cole exhibited no cognitive disabilities or mental conditions, was well-adjusted and capable of making her own personal and financial decisions, and recommended no change in her living arrangements. The trial court properly granted respondent's section 2—619(a)(9) motion to dismiss petitioner's petition.

Petitioner contends, in order to successfully defeat the motion to dismiss, she need only show there are questions of fact to be adjudicated and that she is not required to prove her case at this stage. Our supreme court has held: "[o]nce a [respondent] satisfies [her] initial burden of going forward on the section 2—619(a)(9) motion to dismiss [by providing affirmative matter that would defeat the petitioner's claim], the burden then shifts to the [petitioner], who must establish that the affirmative defense asserted either is 'unfounded or requires the resolution of an essential element of material fact before it is proven.' " *Epstein v. Chicago Board of Education*,

178 Ill. 2d 370, 383 (1997), quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). In order to meet this burden, petitioner may put forth affidavits and other proof. *Epstein*, 178 Ill. 2d at 383. "If, after considering the pleadings and affidavits, the trial judge finds that the plaintiff has failed to carry the shifted burden of going forward, the motion may be granted and the cause of action dismissed." *Kedzie*, 156 Ill. 2d at 116.

The trial court here held a hearing on respondent's section 2—619(a)(9) motion to dismiss, which was supported by the reports of Drs. Dunal and Kreiner indicating that Ms. Cole suffered from no cognitive disabilities and was capable of making her own personal and financial decisions. The trial court struck the affidavit of Dr. Finkel, who had come to a contrary conclusion, and found the reports of Drs. Dunal and Kreiner reliable. Petitioner failed to meet her burden that the affirmative defense set forth in the motion to dismiss was unfounded or required the resolution of an essential element of material fact before it is proven. Accordingly, the trial court properly granted the motion to dismiss.

Petitioner also contends the motion to dismiss is not supported by affidavit, that the motion contains only an inadequate verification from Ms. Cole's counsel, and the reports of Drs. Dunal and Kreiner did not comply with Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)). Respondent contends (and petitioner does not dispute) petitioner did not raise these objections at the trial court; further, the record indicates that instead of raising objections at the hearing on the motion to dismiss, petitioner's counsel left the courtroom as oral argument on the motion began. Petitioner has thus waived these issues for review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (both an objection and a written posttrial motion are necessary to preserve an issue for review).

Petitioner contends Drs. Dunal and Kreiner failed to meet the requirements set forth in section 11a—9(a) of the Probate Act of 1975 (755 ILCS 5/11a—9(a) (West 2002)). Section 11a—9(a) states in pertinent part that the medical reports be signed by "all persons who performed the evaluations upon which the report is based, one of whom shall be a licensed physician and [contain] a statement of the certification, license, or other credentials that qualify the evaluators who prepared the report." 755 ILCS 5/11a—9(a) (West 2002).

Petitioner contends neither Dr. Dunal nor Dr. Kreiner has credentials qualifying her to evaluate Ms. Cole. Petitioner's contention is without merit. Dr. Dunal had been Ms. Cole's physician for seven years. Dr. Dunal stated in her report that she received a B.A. from the

University of Chicago, an M.A. from Princeton University, and her M.D. from the University of Illinois at Chicago. She completed an internship in family practice at Illinois Masonic Medical Center, completed her residency in preventive medicine at the Medical College of Wisconsin, and received a master of public health degree from the same institution. Dr. Dunal has been an assistant professor at the Chicago College of Osteopathic Medicine and she has been the medical director of HealthWorks, the occupational medicine clinic of Highland Park Hospital. She has studied disability evaluation at the occupational medicine department at the Medical College of Wisconsin and the American Academy of Disability Evaluating Physicians. She has been in private practice since 1999 and was named as one of Chicago Magazine's "Top Doctors" in 2005.

Dr. Kreiner stated in her report that she is board certified in psychiatry, has a fellowship in "Consultation-Liasion Psychiatry," and is licensed to practice in the State of Illinois.

Drs. Dunal and Kreiner each have adequate credentials qualifying them to evaluate Ms. Cole.

Next, petitioner contends the trial court erroneously denied her motion to order an independent medical evaluation of Ms. Cole where no report accompanied the petition, pursuant to section 11a—9(b) of the Probate Act of 1975 (755 ILCS 5/11a—9(b) (West 2002)). Section 11a—9(b) provides: "[i]f for any reason no report accompanies the petition, the court shall order appropriate evaluations to be performed by a qualified person or persons and a report prepared and filed with the court at least 10 days prior to the hearing." 755 ILCS 5/11a—9(b) (West 2002). Such a report is not necessary, however, where respondents come forward with "statutorily sufficient reports." *In re Estate of Silverman*, 257 Ill. App. 3d 162, 171 (1993). Here, the trial court held a hearing on the motion to dismiss and found the reports of Drs. Dunal and Kreiner reliable and that additional evaluations were not necessary. The trial court did not err in refusing to order an independent medical evaluation of Ms. Cole.

■ Petitioner's final contention is that the trial court's *sua sponte* order quashing petitioner's *subpoenas duces tecum*, its denial of petitioner's discovery requests, and its taking personal custody of nonparty documents, denied petitioner her right to conduct discovery and to review said documents. Petitioner provides no case law in support of this argument in her appellant's brief and thus has waived this argument on review. See *People v. Ward*, 215 Ill. 2d 317, 332 (2005); 210 Ill. 2d R. 341(h)(7).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER, J., concurs.

JUSTICE NEVILLE, dissenting:

I respectfully dissent because I believe the majority has misconstrued the substitution of judge for cause provision in the Code of Civil Procedure. 735 ILCS 5/2—1001(a)(3)(iii) (West 2002). The substitution of judge provision provides that, "[u]pon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition." 735 ILCS 5/2—1001(a)(3)(iii) (West 2002). It is axiomatic that when construing a statute, the judiciary is to apply the statute's clear and unambiguous language as written. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). Therefore, because the statute clearly and unambiguously provides that a judge other than the judge named in the petition shall conduct a hearing to determine whether cause exists to substitute the judge named in the petition, I believe the trial court erred when it denied the petition for substitution of judge for cause without transferring the matter for a hearing to be conducted by a judge other than the judge named in the petition. 735 ILCS 5/2—1001(a)(3)(iii) (West 2002).

The majority affirms the trial court by reading into the statute a "threshold" review of the petition's substitution grounds by the judge named in the petition. However, there is no language found in the statute that permits a review of the petition by the judge named in the petition. 735 ILCS 5/2—1001(a)(3) (West 2002). As the Illinois Supreme Court has directed, a court must not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Town & Country Utilities, Inc.*, 225 Ill. 2d at 117, citing *Alternate Fuels, Inc. v. Director of the Illinois Environmental Protection Agency*, 215 Ill. 2d 219, 238 (2004). Furthermore, the majority's position makes superfluous the mandatory directive in the statute that a hearing shall be conducted by a judge other than the judge named in the petition to determine whether cause exists *"upon the filing of the petition."* (Emphasis added.) 735 ILCS 5/2—1001(a)(3)(iii) (West 2002). The majority's construction of the statute is at odds with one of the most basic interpretive canons, that " '[a] statute should be construed so

that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.' " *Hibbs v. Winn*, 542 U.S. 88, 101, 159 L. Ed. 2d 172, 186, 124 S. Ct. 2276, 2286 (2004), quoting 2A N. Singer, Statutes & Statutory Construction §46.06, at 181-86 (6th ed. 2000).

Accordingly, I would follow the majority in *In re Estate of Wilson*, 389 Ill. App. 3d 771 (2009), and vacate the order denying the motion for substitution of judge for cause and remand the case to the trial court for a hearing on the substitution motion by some judge other than the judge named in the petition.