2025 IL App (1st) 242222

SECOND DIVISION
September 16, 2025

No. 1-24-2222

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MATT NIEMIEC, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24 L 6107 |
| | ) | |
| MARKEL INSURANCE COMPANY, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices McBride and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Matt Niemiec appeals from the circuit court's dismissal of his complaint seeking insurance coverage from defendant Markel Insurance Company (Markel) for costs he incurred defending an underlying sexual misconduct lawsuit. The court dismissed Niemiec's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)), because the sexual misconduct lawsuit did not result in a trial in which Niemiec was found not liable, which the policy required for Niemiec to be entitled to coverage for defense costs.

Rather, the underlying sexual misconduct lawsuit was dismissed for want of prosecution. On appeal, Niemiec argues that (1) the policy is ambiguous, (2) enforcing the policy as written renders coverage illusory, and (3) the insurance policy is against public policy. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Niemiec is a teacher at Victor J. Andrew High School. On November 17, 2020, one of Niemiec's students sued him, Consolidated High School District 230, and Victor J. Andrew High School for sexual misconduct. On February 3, 2023, the circuit court dismissed the case for want of prosecution without prejudice and with leave to refile under section 13-217 of the Code (*id.* § 13-217). As of this appeal, the plaintiff has not refiled the underlying sexual misconduct lawsuit.

¶ 4    Markel provided general liability insurance for the school district. There is no dispute that Niemiec qualifies as an insured under the policy. After the court presiding over the underlying sexual misconduct lawsuit dismissed it for want of prosecution, Niemiec sought coverage from Markel for his defense costs. Markel denied coverage, claiming that Niemiec did not qualify for coverage because there was no "final adjudication" in the underlying sexual misconduct lawsuit.

¶ 5    Relevant here, the policy provides that Markel will reimburse the insured for defense costs if the underlying lawsuit results in a "final adjudication" that "concludes such insured did not commit, attempt to commit, participate in, direct or consent to the 'sexual misconduct.' " The policy provides that " 'final adjudication' means an actual trial involving a finding of facts, the presentation of witnesses, and a final resolution on the merits in which all appeals are exhausted."

¶ 6    On June 4, 2024, Niemiec sued Markel for breach of contract. Markel moved to dismiss Niemiec's complaint pursuant to section 2-619(a)(9). Markel argued, in relevant part, that Niemiec did not qualify for coverage because he failed to plead that the underlying sexual misconduct

lawsuit resulted in a "final adjudication" that he "did not commit, attempt to commit, participate in, direct or consent to the 'sexual misconduct.' "

¶ 7      In response, Niemiec argued that a literal interpretation of "final adjudication" would render the coverage illusory—that is, it would result in the policy providing no coverage at all—because he could not force the plaintiff in the underlying lawsuit to go to trial. Niemiec further argued that the policy definition of "final adjudication" was ambiguous because it differed from the legal definition of that term and extrinsic evidence was necessary to resolve the inconsistency.

¶ 8      Markel's reply contended that the policy was unambiguous; therefore, the court had to enforce it as written. Markel also argued that the policy's definition of "final adjudication" did not render the policy illusory because it did not eliminate coverage entirely.

¶ 9      The circuit court granted Markel's section 2-619 motion to dismiss. The court found the policy unambiguous because the policy clearly defined the "final adjudication" required for coverage: a trial that resulted in a verdict in Niemiec's favor. That did not occur in this case, so Niemiec did not qualify for coverage under the unambiguous language of the policy. The court further found that coverage was not illusory because requiring certain events to occur before coverage applies does not mean there is no coverage at all. Rather, the policy provided coverage if there was a trial that resulted in a verdict in Niemiec's favor.

¶ 10     Niemiec timely appealed.

¶ 11                                II. ANALYSIS

¶ 12     On appeal, Niemiec argues that (1) the policy's definition of "final adjudication" conflicts with the policy "promising coverage for a successful defense," which creates ambiguity that must be resolved in his favor, (2) a literal interpretation of the policy renders coverage illusory, and (3) the insurance policy is against public policy.

¶ 13    A section 2-619 motion to dismiss admits the sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 40. The affirmative matter must be evident from the face of the motion to dismiss or supported by affidavits or other evidentiary materials. *Williams v. Estate of Cole*, 393 Ill. App. 3d 771, 778 (2009). The court must view the pleadings and affidavits in the light most favorable to the plaintiff. *Id.* We review the court's decision on a section 2-619 motion to dismiss *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). *De novo* review means that we perform the same analysis as the circuit court. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 14    When interpreting the language of an insurance policy, our primary goals are to determine the parties' intent and to give effect to it as expressed by the language of the policy. *MemberSelect Insurance Co. v. Luz*, 2016 IL App (1st) 141947, ¶ 21 (citing *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005)). "An insurance policy is a contract between the company and the policyholder, the benefits of which are determined by the terms of the contract unless the terms are contrary to public policy." (Internal quotation marks omitted.) *Safeway Insurance Co. v. Al-Rifaei*, 2024 IL App (1st) 231391, ¶ 12. We construe the policy as a whole and consider the type of insurance provided and the purposes of the contract. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 442 (1998). If the language of the policy is unambiguous, we apply it as written. *Al-Rifaei*, 2024 IL App (1st) 231391, ¶ 12.

¶ 15                                A. Ambiguity

¶ 16    Niemiec argues that that the policy's definition of "final adjudication" is ambiguous because it conflicts with the policy "promising coverage for a successful defense."

¶ 17 Insurance policy language is ambiguous if it is susceptible to more than one reasonable interpretation, but we will not strain to find ambiguity. *Hobbs*, 214 Ill. 2d at 17. A policy term is not "ambiguous merely because the parties can suggest creative possibilities for its meaning." *Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd.*, 223 Ill. 2d 407, 417 (2006).

¶ 18 We find that the policy's coverage provision and definition of "final adjudication" are not ambiguous. The policy provides coverage only in the event of a "final adjudication *** that concludes such insured did not commit, attempt to commit, participate in, direct or consent to the 'sexual misconduct.' " " '[F]inal adjudication' means an actual trial involving a finding of facts, the presentation of witnesses, and a final resolution on the merits in which all appeals are exhausted." None of these terms are ambiguous, and Niemiec does not identify any term that he claims is ambiguous.

¶ 19 Pursuant to this unambiguous language, Markel agreed to reimburse Niemiec for costs incurred in defending the underlying sexual misconduct lawsuit only if (1) that lawsuit went to a trial at which witnesses testified, (2) that trial resulted in factual findings and a finding of no liability in favor of Niemiec, and (3) following trial, all appeals were exhausted. None of those events occurred in this case. On the contrary, the underlying sexual misconduct lawsuit was dismissed for want of prosecution. The events required to trigger coverage did not occur, so Niemiec is not entitled to coverage for his defense costs. The burden is on the insured to prove that his claim falls within the coverage of an insurance policy (*Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453-54 (2009)), and Niemiec failed to do so.

¶ 20 Niemiec argues that the policy's definition of "final adjudication" contradicts the policy "promising coverage for a successful defense" of a sexual misconduct claim. However, the term "successful defense" does not appear anywhere in the policy. Niemiec appears to have created that

term himself. Where words are defined in the policy, the definition in the policy controls. *Gaudina v. State Farm Mutual Automobile Insurance Co.*, 2014 IL App (1st) 131264, ¶ 18.

¶ 21    Niemiec also contends that the policy's definition of "final adjudication" conflicts with the policy's purpose of providing coverage for "innocent" insureds. The policy uses the term "innocent" only in the section title, "Innocent Insured Defense Only," but not within the policy terms. To the extent the policy's purpose is to provide coverage to "innocent" persons accused of sexual misconduct, it does precisely that. The policy reimburses the defenses costs of a defendant in a sexual misconduct lawsuit who goes to trial and is found not liable. The fact that the policy limits coverage to defendants who prevail at trial does not render it ambiguous. See *National Fire Insurance Co. of Hartford v. Visual Pak Co.*, 2023 IL App (1st) 221160, ¶¶ 94-95, ¶ 97 ("the mere breadth of an exclusion, alone, does not equate to ambiguity"); *Motherway & Napleton, LLP v. Sentinel Insurance Co.*, 631 F. Supp. 3d 496, 501 (N.D. Ill. 2022) ("[C]overage is not illusory just because it only covers uncommon occurrences."). Parties are free to make their own contracts, and "sometimes the insured knowingly obtains limited coverage, and the premiums are set accordingly." *Visual Pak Co.*, 2023 IL App (1st) 221160, ¶ 109.

¶ 22    Finally, Niemiec argues that we should interpret "final adjudication" as providing coverage to "insureds who achieve the legal results substantially equivalent under law to a trial verdict in their favor." The policy's language provides no basis for such a conclusion. Its definition of "final adjudication" is unambiguously limited to actual trials and leaves no room for "substantially equivalent" results, whatever those might be.

¶ 23    In any event, a dismissal for want of prosecution (DWP) with leave to refile is not a "legal result[ ] substantially equivalent" to a favorable trial verdict. When a case is dismissed for want of prosecution, the plaintiff may refile it within one year or the remaining limitations period,

whichever is greater. *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 884 (2009); 735 ILCS 5/13-217 (West 2022). The statute of limitations for "an action for damages for personal injury based on childhood sexual abuse" is 20 years. 735 ILCS 5/13-202.2(b) (West 2022). The underlying sexual misconduct suit alleged that Niemiec committed sexual misconduct in 2018; therefore, the plaintiff may be able to refile the underlying sexual misconduct complaint until as late as 2038. See *id.* The DWP was, therefore, not a final adjudication in any sense. See *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 502 (1998) (a DWP becomes final only when the period for refiling under section 13-217 expires); *BankFinancial, FSB v. Tandon*, 2013 IL App (1st) 113152, ¶ 30 ("A DWP order only becomes a final order after the *** right to refile expires."); *Progressive Universal Insurance Co. v. Hallman*, 331 Ill. App. 3d 64, 67 (2002) (a DWP is interlocutory as long as the option to refile is still available). Accordingly, we find that the policy is not ambiguous.

¶ 24                                 B. Illusory Coverage

¶ 25    Niemiec next contends that, because the policy restricts coverage to cases resolved at trial, coverage is "illusory."

¶ 26    An insurance policy provides illusory coverage only when an exclusion in the policy "swallow[s] up" coverage entirely or renders coverage nonexistent. See *Visual Pak Co.*, 2023 IL App (1st) 221160, ¶ 87. In other words, when a policy effectively provides *no* coverage, then coverage is illusory, but if the policy provides *some* coverage, no matter how limited, then coverage is not illusory. *Id.* ¶ 109. " 'The policy need not provide coverage against all possible liabilities; if it provides coverage against some, the policy is not illusory.' " *Id.* ¶ 97 (quoting *Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd.*, 362 Ill. App. 3d 745, 754 (2005)).

¶ 27    In this case, the policy's definition of final adjudication does not "wipe[ ] out all coverage" (*id.* ¶ 96), it merely limits the scope of what the policy covers. See, *e.g.*, *American Country Insurance Co. v. Kraemer Brothers, Inc.*, 298 Ill. App. 3d 805, 814 (1998) (policy covering only claims of strict liability was not illusory, even though it excluded claims for negligence and "there are fewer strict liability claims than negligence claims"). The policy provides coverage for claims of sexual misconduct that are resolved at actual trials finding the insured not liable. That scenario certainly could happen; in fact, it may still happen in the underlying lawsuit if the plaintiff refiles. Therefore, coverage is not illusory.

¶ 28    Niemiec argues that the policy's limited coverage is illusory because it excludes coverage for "[c]ases successfully resolved by motions to dismiss, motions for summary judgment and DWP's." This argument is a concession that the policy excludes Niemiec from coverage because the underlying sexual misconduct lawsuit was dismissed for want of prosecution. In any event, Niemiec's argument on this point is contrary to Illinois law. As explained above, an insurance policy that provides *limited* coverage is not illusory so long as it provides *some* coverage. *Visual Pak Co.*, 2023 IL App (1st) 221160, ¶¶ 97, 109. Here, Markel provides limited coverage but not *no* coverage for claims of sexual misconduct. Accordingly, we find that the policy's coverage is not illusory.

¶ 29                                    C. Public Policy

¶ 30    Finally, Niemiec contends that requiring an insured to go to trial to qualify for coverage is contrary to Illinois public policy that "favor[s] resolution of litigation by more efficient methods than actual trial."

¶ 31    Niemiec did not raise public policy arguments in the circuit court; he raises them for the first time on appeal. Therefore, Niemiec has forfeited these arguments. See *Kopf v. Kelly*, 2024 IL

127464, ¶ 77 (citing *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) (issues not raised in the trial court are forfeited on appeal)). Accordingly, we affirm the dismissal of Niemiec's complaint.

¶ 32                                III. CONCLUSION

¶ 33    For the foregoing reasons, we affirm the circuit court's dismissal of Niemiec's complaint.

¶ 34    Affirmed.

*Niemiec v. Markel Insurance Co.*, **2025 IL App (1st) 242222**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-L-6107; the Hon. Catherine A. Schneider, Judge, presiding. |
| **Attorneys for Appellant:** | Thomas C. Cronin and Leland W. Hutchinson, of Cronin & Co., Ltd., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Paul Bozych and Jenna Mahoney, of Nielsen Zehe & Antas P.C., of Chicago, for appellee. |