ROCKFORD MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. ECONOMY FIRE AND CASUALTY COMPANY *et al.*, Defendants-Appellees (Barbara A. Grace, Indiv. and as Adm'r of the Estate of Larry Gene Sneed, Deceased, Defendant-Appellant).

Fifth District   No. 5—90—0363

Opinion filed July 19, 1991.

Paul R. Lynch and Melissa S. Ellison, both of Craig & Craig, of Mt. Vernon, for appellant Rockford Mutual Insurance Company.

Patrick T. Moos, of Moos, Schmitt & O'Brien, of Peoria, for appellant Barbara A. Grace.

Richard A. Cary and Jennifer W. Price, both of Wham & Wham, of Centralia, for appellees.

JUSTICE WELCH delivered the opinion of the court:

This is a declaratory judgment action brought in the circuit court of Marion County by plaintiff, Rockford Mutual Insurance Company, against defendants, Economy Fire & Casualty Company, the estate of John M. Durbin, deceased, Suzanne Fred, Charles E. Fred, and Barbara A. Grace, individually and as administrator of the estate of Larry Gene Sneed, deceased. The dispute revolves around which of the two insurance companies must provide coverage for the death of Larry Gene Sneed, who was killed when riding as a passenger in a motor vehicle owned by Suzanne and Charles Fred but driven by John M. Durbin. On March 29, 1990, the circuit court of Marion County entered a summary judgment finding that the insurance policy issued by Economy Fire & Casualty Company (hereinafter Economy) to Suzanne and Charles Fred was not appli-

cable to the instant loss. Rockford Mutual Insurance Company (hereinafter Rockford) and Barbara A. Grace appeal.

Economy had issued a policy of insurance to Suzanne and Charles Fred in which the Freds were the named insureds and a 1984 Ford Tempo automobile was the named vehicle. That standard policy provided "uninsured motorist" coverage as follows:

> "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. ***

> 'Covered person' as used in this Part means:

> 1. You or any family member.

> 2. Any other person occupying your covered auto."

The policy also contains a separate "named driver exclusion endorsement" which provides:

> "In consideration of the premium at which this policy is written, it is agreed that all coverage afforded by this policy is void and shall not apply to any claim or suit which occurs as the result of any auto being operated by the following person(s):

> John M. Durbin

> * * *

> All other conditions, stipulations, representations and limitations stated in the policy not in conflict herewith remain the same."

John M. Durbin is the son of Suzanne Fred. This endorsement is attached to the standard policy and is signed by the Freds.

On January 17, 1987, Larry Gene Sneed was killed while riding as a passenger in the Freds' 1984 Ford Tempo automobile, operated by John M. Durbin. Durbin was also killed. Sneed was the son of defendant Barbara A. Grace and, at the time of the accident, resided in the same household with Grace. Grace was insured by Rockford and, after Economy denied coverage for the death of her son based on the named driver exclusion endorsement, she made a claim against the uninsured motorist portion of her Rockford-issued policy.

On January 6, 1988, Rockford filed its complaint for declaratory judgment against defendants alleging that, despite the named driver exclusion endorsement in Economy's policy, the uninsured

motorist provision of that policy provided coverage for the death of Sneed. The complaint further alleges that, to the extent the named driver exclusion endorsement bars uninsured motorist coverage with respect to the death of Sneed, it violates the public policy of the State of Illinois expressed in section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a) and is therefore unenforceable and void.

On January 17, 1990, Economy filed a motion for summary judgment asking the court to find as a matter of law that the named driver exclusion endorsement is valid and enforceable and that it voids all coverage under the policy, including uninsured motorist insurance, when the named vehicle is operated by Durbin. On February 20, 1990, Rockford filed a cross-motion for summary judgment in its favor.

On March 29, 1990, the circuit court of Marion County granted Economy's motion for summary judgment. The trial court found that there was no conflict between the named driver exclusion endorsement and the uninsured motorist provision of the policy and no resulting ambiguity. "This policy is not ambiguous. If John Durbin drives the car, the policy is void and will not apply to any claim."

The trial court then addressed the question whether the named driver exclusion endorsement violates public policy to the extent it voids uninsured motorist coverage for the death of a passenger in a car operated by the excluded driver. The court found that section 143a of the Illinois Insurance Code, which makes uninsured motorist coverage mandatory in every policy issued after July 1, 1963, was intended to protect only policyholders and named insureds against "other vehicles," that is, vehicles not owned or occupied by the policyholder or not covered under the policyholder's policy. The court found that the statute does not require uninsured motorist coverage for nonpolicyholders who did not bargain for the policy coverage when they are injured by a driver who, by virtue of a specific and bargained-for exclusion, is uninsured as to the particular occurrence in which the nonpolicyholder is injured. On May 21, 1990, the court entered an order denying Rockford's cross-motion for summary judgment and finding that in the event there is no other insurance applicable to this occurrence, then Rockford shall provide primary insurance coverage with respect to the death of Sneed.

Both plaintiff Rockford and defendant Grace appeal from the trial court's orders and both appellants have filed briefs containing

similar arguments. They argue first that, by virtue of a conflict between the named driver exclusion endorsement and the uninsured motorist provision, the insurance policy is ambiguous and, in accordance with well-established principles of construction, should be construed against the insurer and in favor of coverage. Thus, they argue, the uninsured motorist provision should provide coverage for the death of Sneed.

Alternatively, appellants argue that application of the named driver exclusion endorsement to void the uninsured motorist provision violates public policy of the State of Illinois as expressed in section 143a of the Illinois Insurance Code. That section requires that every insurance policy issued after July 1, 1963, provide coverage

> "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." Ill. Rev. Stat. 1989, ch. 73, par. 755a.

Appellants also argue that, in the event we reverse the orders of the trial court and find that the uninsured motorist provision of the Economy policy provides coverage, we should also find that the uninsured motorist provision of the Rockford policy is not primary, but secondary, and provides coverage only to the extent that its policy limits exceed those of Economy's policy. Because we affirm the orders of the trial court, we do not address this final issue.

■■ ■ Like the trial court, we find no ambiguity in the terms and provisions of the Economy policy. While that policy does provide for uninsured motorist coverage, the named driver exclusion endorsement clearly provides that *all* coverage is void and does not apply to any claim or suit which occurs as a result of any auto being operated by Durbin. Language in an insurance policy should be given its plain, ordinary, and popular meaning. (*Dodge v. Allstate Insurance Co.* (1967), 89 Ill. App. 2d 405, 407, 233 N.E.2d 100, 102.) The plain, ordinary, and popular meaning of the word "all" includes the uninsured motorist provision. Thus, that coverage, like all others, is void with respect to a vehicle operated by Durbin.

The policy and endorsements of an insurance policy must be construed together to determine the meaning and effect of the insurance contract. (*Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682, 695, 494 N.E.2d 1241, 1250.) Here, as in *Coleman*, the policy and endorsement can be construed together. While the policy provides uninsured motorist coverage under its terms, that

coverage is void and unenforceable pursuant to the named driver exclusion endorsement if the car is operated by Durbin.

In any event, in *Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682, 494 N.E.2d 1241, the court held that if a conflict exists between the policy proper and the provisions of an attached endorsement, the endorsement will control, at least where it is clear that the policyholder understood and accepted the endorsement. Here, as in *Coleman*, the policyholders' written acceptance by signature of the endorsement indicates they understood and accepted the language of the endorsement. Thus, the language of the endorsement prevails over the language of the policy proper and it is clear that the named driver exclusion endorsement overrides the uninsured motorist provision, rendering it void when Durbin operates a vehicle. That the named driver exclusion endorsement overrides any conflicting provisions is made explicit in the endorsement itself, which states, "[a]ll other conditions, stipulations, representations and limitations stated in the policy not in conflict herewith remain the same."

Where the language of an insurance policy is clear and unmistakable, the rule that a policy of insurance is to be construed liberally in favor of the insured and against the insurer is not applicable. (*Meyer v. Aetna Casualty Insurance Co.* (1964), 46 Ill. App. 2d 184, 191, 196 N.E.2d 707, 710.) Where there is no ambiguity in the terms of the policy, it should be enforced as written unless to do so would violate public policy. (*Weeks v. Aetna Insurance Co.* (1986), 150 Ill. App. 3d 90, 94, 501 N.E.2d 349, 351.) We address that question next.

■■ The trial court found that the named driver exclusion endorsement, which bars any recovery for Sneed's death under the uninsured motorist provision of the policy, does not violate the public policy expressed in section 143a of the Illinois Insurance Code. That section requires that every insurance policy include coverage for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured vehicles and hit-and-run vehicles. The trial court found, and we agree, that the purpose of the statute, and the public policy expressed therein, is to provide protection to policyholders and named insureds for whom protection is specifically contracted, and not to provide protection to third parties who are strangers to the contract of insurance. Policyholders and named insureds may recover under their own insurance policy when they are injured as a result of an accident in or with an uninsured motorist or vehicle, just as

an injured third party may recover under his or her own uninsured motorist insurance if he or she is injured as a result of an accident in or with an uninsured motorist or vehicle. Thus, if a passenger is injured in an uninsured vehicle, as in the instant case, that passenger must look to his own insurance policy for recovery under *its* uninsured motorist provision. Because this was the intention and purpose of the statute, it does not violate public policy to recognize the named driver exclusion endorsement in the Economy policy, which renders the vehicle insured thereunder an uninsured vehicle, treat it as such, and require Grace to seek recovery under her own Rockford policy for the death of her son.

This holding is consistent with the cases cited by appellants in which policyholders or named insureds were permitted to recover under their *own* uninsured motorist coverage where a specific exclusion rendered their own vehicle in which they were riding uninsured. (See *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377; *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543; *Illinois Emasco Insurance Co. v. Doran* (1987), 160 Ill. App. 3d 927, 513 N.E.2d 970.) To deny any insurance coverage to these policyholders would indeed violate the public policy expressed in section 143a of the Illinois Insurance Code. The instant case is distinguishable from those cases, however, in that in the instant case the injured party is not seeking to recover under his or her own insurance policy, but under the policy of the vehicle which was rendered uninsured at the time of the injury and of which the injured party was neither a policy holder nor a named insured.

The instant case is also distinguishable from the case where a passenger in an insured vehicle, who is neither the policy holder nor a named insured, seeks to recover under that vehicle's uninsured motorist coverage for injuries sustained in an accident with a different uninsured vehicle. Such an instance is specifically contracted for in standard insurance policies.

The uninsured motorist insurance required by statute is mandatory and may not be whittled away. (*Ellis v. Sentry Insurance Co.* (1984), 124 Ill. App. 3d 1068, 1072, 465 N.E.2d 565, 568.) However, the construction of the policy made by the trial court does not whittle away at or dilute the mandatory protection. That statute was intended to allow policyholders and named insureds to recover under their own policy when they are injured by an uninsured vehicle, whether that vehicle is their own or a different vehicle. It was not intended to allow recovery by a third-party stranger to the contract under the uninsured motorist provision of an otherwise insured ve-

hicle which is rendered uninsured by virtue of a named driver exclusion.

In the instant case, Grace must seek recovery under her own policy for the injury and death of her son while occupying an uninsured vehicle. This would have been the result had the Fred vehicle been completely uninsured rather than uninsured as a result of the exclusion. We see no frustration of the public policy expressed in section 143a by such a result. Since the parties do not dispute any material facts and since the construction of an insurance policy is a matter of law, summary judgment is an appropriate disposition in the instant case. See *Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682, 686, 494 N.E.2d 1241, 1245.

For the foregoing reasons, the summary judgments of the circuit court of Marion County are affirmed.

Affirmed.

HARRISON and LEWIS, JJ., concur.