2017 IL App (1st) 161334

FIFTH DIVISION
June 30, 2017

No. 1-16-1334

PHOUNGEUN THOUNSAVATH,                    )        Appeal from the Circuit Court
                                          )        of Cook County.
    Plaintiff and                         )
    Counterdefendant-Appellee,            )
                                          )
    v.                                    )        No. 2014 CH 02511
                                          )
STATE FARM MUTUAL AUTOMOBILE              )
INSURANCE COMPANY,                        )        Honorable
                                          )        Kathleen M. Pantle,
    Defendant and                         )        Judge Presiding.
    Counterplaintiff-Appellant.           )
                                          )
                                          )


       JUSTICE HALL delivered the judgment of the court, with opinion.
       Presiding Justice Gordon and Justice Lampkin concurred in the judgment and
opinion.

**OPINION**

¶ 1       The plaintiff, Phoungeun Thounsavath, filed a complaint for declaratory judgment against

the defendant, State Farm Mutual Automobile Insurance Company (State Farm). The

plaintiff sought a declaration that, as applied to her, the driver exclusion endorsement in the

automobile liability policies issued to her by State Farm violated section 143a-2 of the

Illinois Insurance Code  (215 ILCS 5/143a-2 (West 2012)) and the public policy of Illinois.

State Farm answered the complaint and filed a counterclaim for declaratory judgment,

seeking a declaration that the plaintiff was not entitled to underinsured coverage under her

automobile liability policies with State Farm. The circuit court denied State Farm's motion for summary judgment and granted the plaintiff's motion for summary judgment. State Farm appeals.

¶ 2    On appeal, State Farm contends that, as to the plaintiff, its driver exclusion endorsement does not violate section 7-317(b)(2) of the Illinois Safety and Family Financial Responsibility Law (Financial Responsibility Law) (625 ILCS 5/7-317(b)(2) (West 2012)), section 143a-2 of the Insurance Code, or Illinois public policy.

¶ 3                                    BACKGROUND

¶ 4    The facts are not in dispute. The plaintiff was injured while a passenger in a vehicle driven by Clinton M. Evans. At the time of the accident, Mr. Evans was insured by American Access Insurance Company (AAIC), and the plaintiff was insured by State Farm under two automobile liability policies. The plaintiff made a claim against Mr. Evans for her personal injuries, which was paid by AAIC in the amount of $20,000.

¶ 5    The plaintiff then filed an underinsured motorist claim with State Farm. State Farm denied coverage under the following provision contained in both of the automobile liability policies it issued to the plaintiff:

> " 'IT IS AGREED *WE* SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO *US* FOR *BODILY INJURY, LOSS* OR DAMAGE UNDER ANY OF THE COVERAGES OF THIS POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY: CLINTON M. EVANS' " (Emphasis in original.)

¶ 6    On May 27, 2015, the circuit court denied State Farm's motion for summary judgment. The court found that while named driver exclusions are recognized in Illinois, the issue was

whether such exclusions may be used to deny coverage to the named insured. The court determined that such exclusions do not override the plain language of section 7-317(b)(2) of the Financial Responsibility Act and denied State Farm's motion for summary judgment. Thereafter, the plaintiff filed her motion for summary judgment, which was granted by the circuit court on May 4, 2016.

¶ 7      On May 10, 2016, State Farm filed its notice of appeal from the May 27, 2015, and May 4, 2016, orders of the circuit court.

¶ 8                                        ANAYLSIS

¶ 9                              I. Standards of Review

¶ 10     We review the granting of summary judgment, the construction of an insurance policy, and the construction of a statute *de novo*. *Goldstein v. Grinnell Select Insurance Co.*, 2016 IL App (1st) 140317, ¶ 10.

¶ 11                            II. Applicable Principles

¶ 12     "Summary judgment is proper if, and only if, the pleadings, depositions, admissions, affidavits and other relevant matters on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Illinois Farmers Insurance Co. v. Hall*, 363 Ill. App. 3d 989, 993 (2006). "The cardinal rule of statutory construction is to determine and give effect to the legislature's intent." *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992).

¶ 13     The rules of construction applicable to contracts apply as well to insurance policies. *Goldstein*, 2016 IL App (1st) 140317, ¶ 13. The primary objective is to ascertain and give effect to the parties' intentions as expressed in the policy's language. *Goldstein*, 2016 IL App (1st) 140317, ¶ 13. The policy is construed as a whole giving effect to every provision;

unambiguous words in the policy are to be given their plain, ordinary and popular meaning. *Goldstein*, 2016 IL App (1st) 140317, ¶ 13.

¶ 14                                    III. Statutes and Public Policy

¶ 15                          A. Illinois's Mandatory Insurance Statutory Scheme

¶ 16        Under the Financial Responsibility Law, no one may operate a motor vehicle or allow a vehicle to be operated without obtaining sufficient insurance. 625 ILCS 5/7-601(a) (West 2012); see 625 ILCS 5/7-605(a), 7-203 (West 2012) (setting forth the mandatory minimum amounts of insurance to be carried). Section 7-317(b) of the Financial Responsibility Law provides that the owner's policy of liability insurance "[s]hall insure the person named therein and any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured." 625 ILCS 5/7-317(b)(2) (West 2012).

¶ 17        "The 'principle purpose' of the mandatory liability insurance requirement is 'to protect the public by securing payment of their damages.' " *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 57 (2011) (quoting *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129 (2005)). In furtherance of that purpose, the Insurance Code requires automobile liability insurance policies to include uninsured and underinsured motorist coverage. See 215 ILCS 5/143a, 143a-2 (West 2012). Uninsured-motorist coverage is required so that the policyholder is placed in substantially the same position he would occupy if he were injured or killed in an accident where the party at fault carried the minimum liability coverage specified in section 203 of the Financial Responsibility Law. *Phoenix Insurance Co.*, 242 Ill. 2d at 57; see 625 ILCS 5/7-203 (West 2010). From the legislative history, the supreme court concluded that the "legislative purpose

of the underinsured-motorist coverage provision is the same as that of uninsured-motorist coverage, '*i.e.*, to place the insured in the same position he would have occupied if the tortfeasor had carried adequate insurance.' " *Phoenix Insurance Co.*, 242 Ill. 2d at 57 (quoting *Sulser*, 147 Ill. 2d at 555).

¶ 18                                    B. Public Policy

¶ 19        " 'Parties to a contract may agree to any terms they choose unless their agreement is contrary to public policy.' " *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 18 (quoting *Sulser*, 147 Ill. 2d at 559). "An agreement will not be invalidated unless it is clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy of Illinois or unless the agreement is 'manifestly injurious to the public welfare.' " *Phoenix Insurance Co.*, 242 Ill. 2d at 55 (quoting *Progressive Universal Insurance Co. of Illinois*, 215 Ill. 2d at 129-30).

¶ 20                                    IV. Discussion

¶ 21        State Farm maintains that the named driver exclusion in the automobile liability insurance policies it issued to the plaintiff does not violate either the provisions of the Illinois Insurance Code or Illinois public policy. We disagree.

¶ 22        In general, named driver exclusions in automobile liability insurance policies are permitted in Illinois. *American Access Casualty Co. v. Reyes*, 2013 IL 115601, ¶ 15. Such exclusions have been enforced by both the supreme court and the appellate court. In *Heritage Insurance Co. of America v. Phelan*, 59 Ill. 2d 389 (1974), the supreme court upheld the denial of uninsured motorist coverage to the son of the named insured where the son was excluded from liability coverage under a restrictive endorsement. In *St. Paul Fire & Marine Insurance Co. v. Smith*, 337 Ill. App. 3d 1054 (2003), the appellate court, as a matter of first

impression determined that section 7-602 of the Financial Responsibility Law, requiring an insurance card to provide warnings if the insurance policy contained coverage restrictions, permitted named driver exclusions from the mandatory liability insurance requirement. To the extent section 7-602 conflicted with section 7-317(b)(2) of the Financial Responsibility Law, the court held that in enacting section 7-602, the legislature intended to create a limited exception to the mandatory insurance laws and, therefore, the named driver exclusion did not violate Illinois public policy. *Smith*, 337 Ill. App. 3d at 1060, 1062. See *Rockford Mutual Insurance Co. v. Economy & Casualty Co.*, 217 Ill. App. 3d 181 (1991) (the named driver exclusion endorsement precluded uninsured motorist coverage where the decedent was a passenger in a vehicle whose driver was the subject of the exclusion endorsement).

¶ 23    *Smith* and the cases relied on by State Farm are distinguishable. In those cases, the named driver exclusion was enforced as to parties other than the named insured.

¶ 24    The plaintiff relies on a line of cases beginning with *Barnes v. Powell*, 49 Ill. 2d 449 (1971), in which Illinois courts refused to enforce named driver exclusion endorsements. See *Barnes*, (injured insured entitled to uninsured motorist coverage under her own policy, where she was a passenger in her vehicle driven by an individual, who was uninsured at the time of the accident); *Madison County Automobile Insurance Co. v. Goodpasture*, 49 Ill. 2d 555 (1971) (citing and following *Barnes*); *Kerouac v. Kerouac*, 99 Ill. App. 3d 254 (1981) (policy exclusion for family members rendered the vehicle driven by the defendant-son uninsured, and therefore, the uninsured motorist coverage available to the plaintiffs-father and brother); *Doxtater v. State Farm Mutual Automobile Insurance Co.*, 8 Ill. App. 3d 547 (1972) (finding that section 143a of the Insurance Code directed insurance companies to provide uninsured

motor vehicle coverage for an insured regardless of whether, at the time of injury, the insured occupied or operated vehicles declared in the subject policy, citing *Barnes*).

¶ 25    Moreover, in *Rockford Mutual Insurance Co.*, the appellate court ruled that since the named driver exclusion rendered the Economy-insured vehicle uninsured, the decedent's mother was required to seek recovery under the uninsured motorist coverage in her own Rockford insurance policy for the death of her son. *Rockford Mutual Insurance Co.*, 217 Ill. App. 3d at 187. The court further held that its ruling was consistent with cases such as *Barnes* and *Kerouac*, where a specific exclusion rendered the insureds' own vehicles in which they were riding uninsured. *Rockford Mutual Insurance Co.*, 217 Ill. App. 3d at 187. The court stated further as follows:

> "To deny any insurance policy coverage to these policyholders would indeed violate the public policy expressed in section 143a of the Illinois Insurance Code. The instant case is distinguishable from those cases, however, in that in the instant case the injured party is not seeking to recover under his or her own insurance policy, but under the policy of the vehicle which was rendered uninsured at the time of the injury and of which the injured party was neither a policy holder nor a named insured." *Rockford Mutual Insurance Co.*, 217 Ill. App. 3d at 187.

¶ 26    Moreover, our courts have applied the analysis in *Barnes* even in different factual situations. In *Doxtater*, the reviewing court stated as follows:

> "Although we recognize that the facts of *Barnes v. Powell* are distinguishable from the facts at bar, we nonetheless cannot overlook the Supreme Court's statements therein regarding the legislative intent behind Section 143a. The expansive interpretation applied by a majority of that court leads us to conclude that, presented

7

with the issue at bar, our Supreme Court would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for 'insureds,' regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy." *Doxtater*, 8 Ill. App. 3d at 552.

See *Comet Casualty Co. v. Jackson*, 125 Ill. App. 3d 921, 924 (1984) (in light of the supremecourt's expansive interpretation of section 143a in *Barnes*, "the decision was intended to be an expression of the legislative objective to provide extensive uninsured motorist coverage for those insured under a valid automobile liability policy").

¶ 27       State Farm points out that the cases relied on by the plaintiff were decided prior to the enactment of the mandatory insurance requirements authorizing named driver exclusions. See Pub. Act 85-1201, § 1 (eff. July 1, 1989) (adding 625 ILCS 5/7-602). We disagree with State Farm's premise that the enactment of mandatory insurance would have rendered the cases relied on by the plaintiff inapplicable because exclusions are now authorized. The supreme court in *Phelan*, decided in 1974 and cited by State Farm, upheld a restrictive endorsement. *Phelan*, 59 Ill. 2d at 399.

¶ 28       The issue in the present case is whether the named driver exclusion violates our mandatory insurance requirements and public policy where the exclusion bars coverage for the named insured. While none of the cases relied on by either party addresses this precise issue or fact pattern, we find the supreme court's analysis in *Reyes* instructive.

¶ 29       In *Reyes*, the defendant was the sole named insured under her automobile policy with American Access Casualty Company (American Access). In consideration for the premium charged for the policy, an endorsement to the policy barred coverage where the insured

vehicle was operated by the defendant. While the defendant was the named insured, she was excluded from coverage if she operated the vehicle. *Reyes*, 2013 IL 115601, ¶ 4. Subsequently, while driving the insured vehicle, the defendant struck two pedestrians, resulting in the death of one individual and injury to the other individual.

¶ 30    In response to the wrongful death suit brought against the defendant, American Casualty filed a declaratory judgment suit, seeking a declaration that it owed no liability coverage to the defendant based on the named driver exclusion. The circuit court granted summary judgment to American Casualty, but the appellate court reversed, finding the exclusion violated public policy. *Reyes*, 2013 IL 115601, ¶ 6.

¶ 31    On further review, our supreme court identified the issue as "whether an automobile liability policy can exclude the *only* named insured and owner of the vehicle without violating public policy." (Emphasis in original.) *Reyes*, 2013 IL 115601, ¶ 9. In its analysis, the court first observed that a statute that exists for the protection of the public cannot be overridden by private contracts, since members of the public are not parties to the contract. The court further observed that the public policy demands adherence to statutory requirements, but it was also in the public's interest not to unduly restrict the freedom to contract. *Reyes*, 2013 IL 115601, ¶ 9. In order to invalidate a contract provision on public policy grounds it must be "clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy or unless it is manifestly injurious to the public welfare." *Reyes*, 2013 IL 115601, ¶ 9 (citing *Progressive Universal Insurance Co. of Illinois*, 215 Ill. 2d at 129-30). Such a determination depends on the facts and circumstances of each case. *Reyes*, 2013 IL 115601, ¶ 9.

¶ 32    The court in *Reyes* held that under the plain and unambiguous language of section 7-317(b)(2), defendant, as the named insured, could not be excluded from coverage. *Reyes*, 2013 IL 115601, ¶ 13. The court rejected American Casualty's argument that section 7-602 of the Financial Responsibility Law allowed the exclusion of " 'any driver.' " The language of section 7-602 permitted the exclusion of an owner or policy holder or insured "for *other* vehicles, not the vehicle that is insured. This clause does not authorize a named driver exclusion for the sole insured and owner of the vehicle." (Emphasis in original.) *Reyes*, 2013 IL 115601, ¶ 17.

¶ 33    The court rejected American Casualty's public policy argument that the exclusion allowed individuals with high risk factors to obtain insurance at reasonable rates rather than operate a vehicle with no insurance at all. The court found that the public policy was expressed in the plain language of section 7-317(b)(2) and found that the interest in protecting the driving public outweighed an individual's desire to obtain a lower insurance premium. *Reyes*, 2013 IL 115601, ¶ 19 (citing *Williams v. U.S. Agencies Casualty Insurance Co.*, 2000-1693, p. 6 (La. 2/21/01); 779 So.2d 729 (superseded by statute)).

¶ 34    In the present case, Mr. Evans's vehicle was underinsured. The plaintiff sought to recover for her injuries under her own automobile liability insurance policy, which provided the underinsured motorist coverage mandated by section 143a-2 of the Insurance Code. *Barnes* and its prodigy, together with *Reyes*, support the conclusion that a named driver exclusion in an insured's policy that bars liability, uninsured, or underinsured coverage for the named insured violates Illinois's mandatory insurance requirements and Illinois public policy. Therefore, the named driver exclusion endorsement in the plaintiff's automobile liability policies with State Farm is not enforceable against the plaintiff, as the named insured.

¶ 35                                    CONCLUSION

¶ 36        We affirm the orders of the circuit court denying State Farm's motion for summary

judgment and granting summary judgment to the plaintiff.

¶ 37        Affirmed.