2024 IL App (1st) 231391

THIRD DIVISION
March 27, 2024

No. 1-23-1391

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SAFEWAY INSURANCE COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21 CH 06301 |
| | ) | |
| JAFAR AL-RIFAEI, | ) | Honorable |
| | ) | Caroline K. Moreland, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Following an automobile collision, the passenger (and named insured of his automobile insurance policy) of a vehicle driven by his daughter filed an uninsured motorist claim with his insurer against his daughter and the driver of the other vehicle. The passenger had excluded his daughter from coverage under the automobile insurance policy. The Cook County circuit court held that he could not file a claim against anyone arising from this collision because he had explicitly excluded his daughter from coverage. The passenger appeals.

¶ 2                                                BACKGROUND

¶ 3      On June 15, 2019, Jafar Al-Rifaei was a passenger in his vehicle driven by his daughter Waed Al-Rifaei[1] when another car, driven by Jaden Juanya Goldsberry, collided with Jafar's vehicle. On June 2, 2021, Jafar sued Goldsberry and Waed, alleging that, as the result of Goldsberry's negligence, Jafar sustained "injuries of a person [*sic*] and pecuniary nature, including but not limited to lost wages, medical expenses, damage to property, pain and suffering, disability, and physical and emotional trauma, of a permanent and lasting nature."

¶ 4      At the time of the collision, Jafar carried an active automobile insurance policy with Safeway Insurance Company (Safeway). The policy named Jafar and his wife, Sanaa, as insureds. In the policy, Jafar explicitly excluded his daughters, Waed and Hallah Al-Rifaei, from coverage:

> "SAFEWAY INSURANCE COMPANY
>
> It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents(s) which occur while the motor vehicle(s) described in this policy or any other motor vehicle(s) are being operated by
>
> Waed Al-Rifaei (DOB: 10/29/1999)
>
> Hallah Rifaei (DOB 4/26/2001)
>
> It is understood that this exclusion also applies to all renewals of this policy."

Jafar signed the exclusion. Waed did not carry an active automobile insurance policy of her own at the time of collision.

¶ 5      The Safeway insurance policy provides the following regarding excluded drivers:

---

[1]As Jafar and Waed are father and daughter who share the same last name, we refer to them by their first names to avoid confusion.

"If at the time of an accident a person is identified on the declarations of this policy or on an endorsement as an Excluded Driver, and if the accident involves operation of any motor vehicle by such person, then, notwithstanding any other provision of this policy, no coverage of any kind under this policy is owing or payable by the Company to any person with respect to such accident and the Company is not obligated to defend any person in any legal action concerning the accident."

¶ 6 On November 29, 2021, Jafar's attorney sent a letter to Safeway, requesting it to defend Waed in the lawsuit that Jafar filed against her and Goldsberry. Jafar's attorney advised he would seek uninsured motorist benefits on behalf of Jafar under his Safeway policy if Safeway refused to defend or indemnify Waed.

¶ 7 On December 20, 2021, Safeway filed a complaint for declaratory action seeking a judicial determination that Jafar's uninsured motorist claim was barred because he excluded Waed in the Safeway insurance policy. On October 11, 2022, Safeway moved for summary judgment, arguing that the named driver exclusions as to Waed and Hallah are enforceable and that they bar coverage, not only for the excluded drivers themselves, but also for the vehicle owner and named insured (Jafar himself). On November 9, 2022, Jafar responded and filed a cross-motion for summary judgment, countering that a named driver exclusion that precludes liability, uninsured, or underinsured coverage for the named insured violates Illinois mandatory insurance law as well as public policy. On July 10, 2023, the circuit court granted Safeway's motion for summary judgment and denied Jafar's cross-motion for summary judgment. The court held that the driver exclusion was enforceable and did not violate public policy. Consequently, it barred Jafar's claim.

¶ 8 Jafar appeals.

¶ 9                                    ANALYSIS

¶ 10    On appeal, Jafar argues that the named driver exclusion in Safeway's policy violates Illinois's mandatory insurance requirements and public policy when the exclusion is used to deny uninsured motorist coverage for the sole named insured. Safeway counters, contending that neither public policy considerations nor mandatory insurance requirements compel a finding of coverage in this case.

¶ 11    We review a circuit court's decision to grant a motion for summary judgment *de novo*. *Country Mutual Insurance Co. v. Under Construction & Remodeling, Inc.*, 2021 IL App (1st) 210600, ¶ 23. *De novo* consideration means we perform the same analysis that a circuit court judge would perform. *Id.* " 'The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment.' " *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755 (2005) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993)).

¶ 12    " 'An insurance policy is a contract between the company and the policyholder, the benefits of which are determined by the terms of the contract unless the terms are contrary to public policy.' " *Hanover Insurance Co. v. MRC Polymers, Inc.*, 2020 IL App (1st) 192337, ¶ 36 (quoting *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 453 (1998)). In construing the language of an insurance policy, a court must ascertain and give effect to the intention of the parties as expressed in their agreement. *Villicana*, 181 Ill. 2d at 441. "To that end, terms utilized in the policy are accorded their plain and ordinary meaning. [Citation.] We will apply those terms as written unless such application contravenes public policy. [Citation.]" *Id.* at 441-42. "Whether an insurance provision violates public policy depends on the particular facts and

circumstances of the case." *Smith v. American Heartland Insurance Co.*, 2017 IL App (1st) 161144, ¶ 28 (citing *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 226 (1998)).

¶ 13 Here, we must determine the effect of the excluded driver provision in the insurance policy. The Illinois Vehicle Code requires all motor vehicles to be covered by a liability insurance policy. 625 ILCS 5/7-601(a) (West 2022). However, named driver exclusions are generally permitted. *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 22 (citing *American Access Casualty Co. v. Reyes*, 2013 IL 115601, ¶ 15). Named driver exclusions are enforceable regardless of whether the excluded driver's name appears on the insurance card. *American Service Insurance Co. v. Arive*, 2012 IL App (1st) 111885, ¶¶ 14-17.

¶ 14 In *St. Paul Fire & Marine Insurance Co.*, 337 Ill. App. 3d 1054, 1056 (2003), this court held that named driver exclusions do not violate public policy. In that case, the named insured's son, an excluded driver, collided with another vehicle, killing both passengers of the other vehicle as well as himself. *Id.* at 1056-57. The named insured was not in the vehicle at the time of collision. *Id.* The administrators of the estates of the two passengers sued the estate of the excluded driver. *Id.* at 1057. The insurer filed a declaratory action seeking a ruling that it was not required to defend that suit because the driver was excluded from coverage under the insurance policy. *Id.* The court ruled in favor of the insurer, upholding the policy's exclusion of liability for " 'any accidents or losses while any auto or motorhome is driven by: [the excluded driver].' " *Id.* at 1058, 1060-62. Additionally, the court held that "the named driver exclusion in [the insurer's] automobile insurance liability policy does not contravene Illinois public policy because the legislature created a limited exception to the mandatory insurance laws for this exclusion." *Id.* at 1062.

¶ 15     In this case, Jafar relies primarily on the supreme court's decision in *Thounsavath*, 2018 IL 122558. In that case, the sole named insured purchased two automobile insurance policies, both of which contained a "Driver Exclusion Endorsement" that excluded the driver who was operating his own vehicle at the time of the collision. *Id.* ¶ 4. At the time of the collision, the sole named insured was a passenger in a vehicle that was owned and operated by the driver who was excluded from coverage under the named insured's policies. *Id.* ¶ 5. However, the excluded driver (of the named insured's policies) carried his own automobile insurance for his vehicle, but the policy limits were insufficient to cover the named insured's damages. *Id.* ¶ 6. The named insured then filed a complaint for declaratory judgment seeking a declaration that she was entitled to underinsured motorist coverage under her automobile insurance policies. *Id.* The circuit court held that the named insured was entitled to underinsured motorist coverage. *Id.* ¶ 8. The appellate court and supreme court affirmed. *Id.* ¶¶ 9, 50.

¶ 16     In affirming, the supreme court explained that "[u]nderinsured motorist coverage guarantees the protection of an injured insured against the possibility that a tortfeasor, over whom the insured has no control, purchases inadequate amounts of liability coverage." *Id.* ¶ 27 (citing *Villicana*, 181 Ill. 2d at 445). This, according to the court, is precisely what happened to Thounsavath: she sustained injuries while she was a passenger in a car driven by the excluded driver, but the insurance was insufficient to cover her injuries. The court focused on the fact that she had no control over the amount of coverage the driver elected to purchase in his own policy. *Id.* ¶ 28.

¶ 17     The *Thounsavath* decision is distinguishable from the case at bar. In *Thounsavath*, the named insured had no control over the amount of liability coverage the excluded driver purchased for his own vehicle. Here, Jafar had control over the amount of coverage he purchased for his

vehicle. More importantly, he had control over whom to include and exclude from coverage, and he elected to explicitly exclude both of his daughters. Notwithstanding that he chose to exclude his daughter from coverage, he still permitted her to drive his vehicle. We do not find that public policy here compels a finding of coverage, because all the relevant coverage decisions here were at the sole discretion of Jafar. In other words, no one's insurance policy decisions other than Jafar's impacted his ability to claim uninsured motorist coverage under his policy.

¶ 18 Safeway relies on *Rockford Mutual Insurance Co. v. Economy Fire & Casualty Co.*, 217 Ill. App. 3d 181 (1991), in support of its argument that named driver exclusions bar all coverage for any claims arising while the excluded driver operates the vehicle. In *Rockford Mutual*, an excluded driver was operating a vehicle at the time of the accident that killed the passenger. *Id.* at 183. The decedent passenger's mother sought coverage, not under the decedent passenger's own policy, but under the policy of the vehicle, from which the driver was excluded. *Id.* The insurer of the vehicle sought a declaration that it did not owe coverage, and the court agreed. *Id.* at 183-84, 187. The court held that the mother must seek uninsured motorist coverage under her son's policy because "the purpose of the statute, and the public policy expressed therein, is to provide protection to policyholders and named insureds for whom protection is specifically contracted, and not to provide protection to third parties who are strangers to the contract of insurance." *Id.* at 186.

¶ 19 The *Rockford Mutual* decision is factually distinguishable from the case before us. That case stands for the proposition that, in circumstances where a person is injured because of an accident occurring while an excluded driver operates a vehicle, the injured person must seek uninsured motorist coverage under his own policy and not the policy that insures the vehicle in which the injury took place. That case did not address the situation in which the injured passenger *does* file a claim under his own policy but the policy is also the one under which the driver of the

7

vehicle is excluded. Thus, it offers little guidance to the appeal before us. At most, it provides an affirmation that, generally, named driver exclusions are not contrary to public policy.

¶ 20 Notwithstanding that the facts and holding of the *Thounsavath* decision are distinguishable from this case, we find its reasoning persuasive. Our supreme court in that case focused on the extent to which the injured party had control regarding insurance coverage. Here, Jafar was in complete control regarding the amount of coverage his policy would provide. He chose to exclude his daughter from coverage, and he chose to allow her to drive his vehicle, which resulted in the collision that caused his injuries. Jafar does not find himself at a disadvantaged position here because another driver carried inadequate coverage; he finds himself in this position because *he* chose to exclude coverage for his daughter. Because Jafar had complete control over coverage in this case, we find no reason to require Safeway to defend his daughter in the suit *he* brought against her.

¶ 21 Moreover, our holding is consistent with public policy and fairness. As the court pointed out in *Thounsavath*, once a named insured excludes a driver from his insurance policy, the named insured is then obligated to ensure that the excluded driver does not operate his vehicle. Here, once Jafar elected to exclude Waed from his insurance policy, he was obligated to make sure she did not drive his vehicle. Yet he failed to do so, knowing that he had specifically excluded her from coverage. Accordingly, it would be against public policy to require Safeway to provide coverage in this case.

¶ 22 In sum, neither mandatory insurance law nor public policy compels us to find in favor of an insured who seeks coverage, after explicitly excluding a specific driver in his automobile insurance policy and subsequently allowing her to drive his vehicle insured under that policy.

Accordingly, we affirm the circuit court's grant of summary judgment in favor of Safeway and against Jafar.

¶ 23                                    CONCLUSION

¶ 24    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.

---

*Safeway Insurance Co. v. Al-Rifaei*, **2024 IL App (1st) 231391**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CH-06301; the Hon. Caroline K. Moreland, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Kenneth Hoffman and J.W. Mitchell, of Mitchell, Hoffman & Wolf, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Donald Patrick Eckler and Shari Shelmadine, of Freeman Mathis & Gary, LLP, of Chicago, for appellee. |

---