2026 IL App (1st) 242392-U

No. 1-24-2392

Filed March 4, 2026

Third Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RAUL RIVERA, as Independent Administrator of the Estate of ANA RIVERA, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22 L 9152 |
| LAKEVIEW REHABILITATION and NURSING CENTER, LLC, an Illinois Limited Liability Company d/b/a LAKEVIEW REHABILITATION, | ) ) ) ) ) ) | Honorable Michael Otto, Judge, Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Summary judgment affirmed when plaintiff failed to present any evidence to support a finding that nursing home's act or omission caused her injury.

¶ 2    The circuit court granted Lakeview Rehabilitation and Nursing Center's (Lakeview) motion for summary judgment. For the following reasons, we affirm.[1]

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 3                                I. BACKGROUND

¶ 4        Raul Rivera, as Independent Administrator of the Estate of his deceased mother, Ana Rivera, brought this action against Lakeview. The amended complaint asserted a single count alleging a violation of the Nursing Home Care Act (Act) (210 ILCS 45/1-101 *et seq.* (West 2016)). That count alleged Lakeview breached various duties under the Act and "[a]s a direct result *** Ana Rivera fell, resulting in injuries to her person, including the deterioration of her physical and mental condition." The complaint asserts Ana's fall occurred on December 2, 2017.

¶ 5        Lakeview filed an answer denying the allegations that it violated duties under the Act. Subsequently, Lakeview filed a motion for summary judgment. Lakeview asserted that Rivera failed to disclose a physician expert who would testify that Lakeview caused Ana's injuries. Instead, Rivera had only disclosed an expert in nursing, Dr. Bergen-Jackson.[2] Dr. Bergen-Jackson provided a report opining that Lakeview staff breached the standard of care for Ana in various respects. In a deposition, though, Dr. Bergen-Jackson stated that she was not offering a medical opinion as to causation.

¶ 6        Rivera responded, arguing that Dr. Bergen-Jackson was competent to testify to causation and her report and deposition were sufficient to defeat Lakeview's motion for summary judgment. Rivera's response also referred to a physician expert, Dr. Davis, who Rivera previously withdrew as a witness. Rivera stated Dr. Davis was deposed and his report was made part of the record. No such report appears in the record before us. Lakeview filed a reply, arguing that Dr. Bergen-Jackson could only testify as to the standard of care, not causation, and Dr. Davis's opinion could not be considered, as he had been withdrawn as a witness.

---

[2]Dr. Bergen-Jackson holds a Ph.D. in nursing and is not a medical doctor.

¶ 7        The trial court granted Lakeview's motion for summary judgment, finding that Rivera failed to produce an expert who would testify to proximate cause. Rivera filed a motion to reconsider, arguing that based on the Fourth District's decision in *Myers v. Heritage Enterprises, Inc.*, 354 Ill. App. 3d 241 (2004), Dr. Bergen-Jackson's testimony was sufficient to establish proximate cause. The trial court denied the motion to reconsider by written order. This appeal followed.

¶ 8                                        II. ANALYSIS

¶ 9        On appeal, Rivera argues the trial court erred in granting summary judgment since a genuine issue of material fact existed as to the causation of Ana's injuries. Rivera's brief states five additional issues. Each of those issues, however, concern whether summary judgment was appropriate.

¶ 10        At the outset, we note that Rivera's failure to cite to the relevant pages of the record in both his statement of facts and argument, as required by Illinois Supreme Court Rule 341(h)(6), (7) (eff. Oct. 1, 2020), made our review difficult.

> "This court has repeatedly warned appellate parties that they may not treat this court as a repository for facts and arguments that are not supported by specific, accurate, record citations. It is not the responsibility of this court to scour the record in search of facts that support the argument being advanced by a party." *Travaglini v. Ingalls Health System*, 396 Ill. App. 3d 387, 405 (2009).

¶ 11        Our review of a trial court's grant of summary judgment is *de novo*. *Safeway Insurance Company v. Al-Rifaei*, 2024 IL App (1st) 231391, ¶ 11. "We may affirm a grant of summary judgment on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct." (Internal quotation marks omitted.) *Republic Ontario LLC v. Organ*,

2025 IL App (1st) 231405, ¶ 60. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Seymour v. Collins*, 2015 IL 118432, ¶ 42. Since it is a drastic measure, summary judgment should only be granted if the movant's right to judgment is clear and free from doubt. *Id*. We construe the record strictly against the movant and liberally in favor of the nonmoving party. *Id*. "[T]o survive a motion for summary judgment, a plaintiff need not prove her case, but she must present a factual basis that would arguably entitle her to a judgment." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12. This includes presenting some evidence to support each element of the plaintiff's cause of action. *Schweihs v. Chase Home Finance LLC*, 2021 IL App (1st) 191779, ¶ 57. Summary judgment should not be granted: "(1) if 'there is a dispute as to a material fact' [Citation.]; (2) if 'reasonable persons could draw divergent inferences from the undisputed material facts' [citation.]; or (3) if 'reasonable persons could differ on the weight to be given the relevant factors' of a legal standard [Citation.]." *Seymour*, 2015 IL 118432, ¶ 42.

¶ 12    The Act enables nursing home residents to maintain a private cause of action for damages and other relief against nursing home owners and operators who violate its provisions. *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 98 (2003). Nursing home owners and licensees of a facility are liable to a resident for injuries caused by the intentional or negligent acts or omissions of their employees or agents. *Id*. (citing 210 ILCS 45/3-601 (West 2000)). "To properly state a cause of action for negligence, a plaintiff must show that the defendant owed her a duty, that the defendant breached that duty, and that this breach was the proximate cause of the plaintiff's resulting injuries." *Aalbers v. LaSalle Hotel Properties*, 2022 IL App (1st) 210494, ¶ 16. "Proximate cause is an essential element of a negligence claim." *Id*. "[I]f the plaintiff fails to establish the element of proximate cause, she has not sustained her burden and fails to establish a

genuine issue of material fact, rendering summary judgment in favor of the defendant appropriate as a matter of law." *Id*.

¶ 13　　　An action brought against a nursing home under the Act is not necessarily a medical malpractice claim. *Eads*, 204 Ill. 2d at 105 (observing that "many types of claims actionable under the Nursing Home Care Act have nothing whatever to do with medical or healing art malpractice"). And our supreme court has rejected the contention that "a nursing home's failure to take the precautions necessary to prevent a resident from taking an injurious fall implicates the exercise of medical judgment." *Id*. at 107. Thus, we cannot say, categorically, that testimony from a medical doctor is required to establish proximate cause in such a case. Even for claims of medical malpractice, expert testimony is not required *per se*. *Thompson v. LaSpisa*, 2023 IL App (1st) 211448, ¶ 40 ("Expert testimony is not *automatically* required to prove the elements of a medical negligence action." (Emphasis in original.)). Rather, expert testimony is required only when the proof requires specialized knowledge beyond the ken of the average lay juror. *Id*.

¶ 14　　　Here, Rivera relies on Dr. Bergen-Jackson to argue he has presented some evidence in support of proximate cause. The parties dispute whether Dr. Bergen-Jackson is competent to testify since she is a nurse and not a medical doctor. But we need not determine that question. Regardless of her qualifications, the record demonstrates that Dr. Bergen-Jackson provided no testimony supporting proximate cause. Even more, in her deposition, she expressly disclaimed that she was offering an opinion as to causation.

¶ 15　　　Rivera's appellate brief fails to cite any evidence in the record where Dr. Bergen-Jackson testifies, either expressly or by implication, that Lakeview's act or omission proximately caused injury to Ana. In oral argument on Rivera's motion to reconsider, the trial court repeatedly asked Rivera's counsel to direct it to such evidence. Rivera's counsel cited Dr. Bergen-Jackson's report,

in which she wrote that Ana's fall resulted from inadequate staffing and supervision. The unsworn report, however, cannot be considered for summary judgment. *Essig v. Advocate BroMenn Medical Center*, 2015 IL App (4th) 140546, ¶ 43 (finding that unsworn statements of opinion from a party's retained expert may not be considered for summary judgment). Rivera's counsel also cited Dr. Davis's report, which, likewise cannot be considered for summary judgment, as it was not made part of the record. She also admitted, contrary to her prior representation, that Dr. Davis was never deposed in this matter. Accordingly, Rivera has failed to present any evidence in support of an essential element of his claim.

¶ 16 We note that the briefs discuss bed sores Ana developed while in Lakeview's care, unrelated to the December 2, 2017, fall. Like the injuries stemming from Ana's fall, Rivera fails to cite any evidence in the record regarding how Lakeview's negligence caused bed sores. The claim is also inconsistent with the amended complaint, which did not allege bed sores as a distinct injury. See 735 ILCS 5/2-603(b) ("Each separate cause of action upon which a separate recovery might be had shall be stated in a separate count."). The complaint only alleged a single count based on Ana's fall. "The complaint frames the issues before the trial court." *Walker v. McGuire*, 2015 IL 117138, ¶ 39. Bed sores are referenced amid a lengthy list of broadly-worded, unspecific allegations of how Lakeview breached its duty of care. Even if we considered the bed sores as a distinct injury, Lakeview would still be entitled to summary judgment due to the absence of evidence to support the claim. "[A] plaintiff cannot rely solely on the allegations in her complaint in order to raise a genuine issue of material fact." *Id*. ¶ 15.

¶ 17 We also note that Rivera's notice of appeal indicated that he was appealing both the trial court's grant of Lakeview's motion for summary judgment and the denial of his motion to reconsider. However, Rivera's motion to reconsider simply repeated arguments asserted in his

response to Lakeview's motion for summary judgment. Indeed, the substance of each was nearly identical, relying on the *Myers* decision. "The purpose of a motion to reconsider is to bring to a court's attention newly discovered evidence, changes in the law, or errors in the court's application of existing law." *Monroy-Perez v. Sentry Select Insurance Co.*, 2025 IL App (1st) 241711, ¶ 28. Rivera's motion did not fulfill that purpose. Thus, the trial court did not error in denying the motion to reconsider.

¶ 18                                    III. CONCLUSION

¶ 19        Based on the foregoing, we find that there are no genuine issues of material fact and Lakeview is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the circuit court.

¶ 20        Affirmed.